EASTERN Dis.
*May*, 1841.

CROCKER
*vs.*
MONROSE.

An action of nullity will not lie, unless for some one of the enumerated grounds mentioned in the Code of Practice.

18  552
111  685

### CROCKER *vs.* MONROSE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The pledgee is bound to take care of the thing pledged as a prudent administrator, and is answerable for the loss or decay of the pledge occasioned by his fault or negligence.

The pledgee, in case of destruction of the pledge by inevitable accident, must prove the identity of the pledge, and that he used every diligence and care to preserve and save it, to entitle him to recover back the sum advanced on it.

This is an action to recover the sum of $312, which the plaintiff alleges he advanced to the defendant's wife on the pledge of her jewels. He expressly states that the defendant

EASTERN DIS. authorized his wife to make said pledge, and receive the mo-
May, 1841. ney on it, and which enured to his benefit.   He also produces
CROCKER   the wife's receipt for the money and description of the articles
*vs.*   put in pledge; and alleges they were destroyed by the burn-
MONROSE.   ing of his house which happened through unavoidable
accident.

The defendant after pleading the general issue, set up a
reconventional demand for the return or value of the jewels
put in pledge, which he described and estimated at $600.   He
avers he tendered back the money and demanded the return
of the pledge which the plaintiff refused.

The evidence is fully stated in the opinion of the court, and
appears to have been insufficient to make full proof of the
identity of the pledge, of its actual and inevitable destruction by
the burning of plaintiff's house.   And on the other hand there
was no evidence of the tender.

There was judgment for the defendant, and the plaintiff
appealed.

*Elwyn,* for the plaintiff and appellant.

*Sevier,* for the defendant.

*Simon, J.* delivered the opinion of the court.

This suit was instituted on a written instrument subscribed
by the defendant's wife, in the following words: "Received,
New-Orleans 31st October, 1837, of Elisha Crocker, three
hundred and twelve dollars, to be repaid in sixty days from
this date, and as a collateral security for the repayment, I do
hereby place into his hands, the following articles, viz: 1 pr.
diamond ear-rings, two diamond rings, one diamond breast-pin,
1 pr. gold buckles, one pr. gold ear-rings with breast-pin
(signed) F. Monrose."   Plaintiff also represents that the ar-
ticles therein mentioned were in his house, *safely* deposited
with money and other valuables belonging to him; that said
house was during his absence, totally consumed by fire, and
that said fire was not to be ascribed to any fault of his or of

Eastern Dis.
*May*, 1841.

CROCKER
*vs.*
MONROSE.

any of his agents, and was the result of inevitable accident. He further states that the money was borrowed by defendant through the agency of his wife, *who was authorized by him*, and whose acts he has approved; that the sum loaned was applied to the defendant's own purposes, and that said defendant's wife is in the habit of transacting a great part of his business.

The defendant first pleaded the general issue, and further averred that the Jewels were of the value of $600; that they were deposited for the repayment of $312 loaned to his wife; that he never authorized his said wife to borrow said money and give the receipt or obligation annexed to plaintiff's petition. He also alleged that a long time previous to the institution of this suit, he tendered to the plaintiff at his domicil and in the presence of witnesses the amount of the money loaned with interest, and demanded the delivery of the Jewels, but that plaintiff refused to deliver the same; that he made repeated demands at different periods to the same effect; and notified plaintiff of his readiness to repay at any time the said sum of money with interest on his delivering the Jewels, holding said plaintiff responsible for the value of the same to the amount of $600, which he pleads in reconvention. He prays judgment accordingly.

There was judgment below against plaintiff, and in favor of the defendant, with costs of suit; from which judgment, the plaintiff appealed.

The only evidence adduced in this case, except the production of the receipt sued on, is relative to the destruction by fire of the defendant's Jewels, and it is very loose and unsatisfactory. One of the witnesses shows that plaintiff's house was burned down; that the fire was sudden and rapid; and that some pieces of metal which were white and hard were picked up among the ruins. The other witness proves that he was living at plaintiff's house at the time of the fire; that he saw a box in the house containing Jewels, which box was put on the top of an armoir; that plaintiff took down the box, took out

some specie and put some back again in it; that a day or two before going away, the plaintiff took the Jewels out of the box and put them back again, and then put the box on the top of the armoir; that the box was burned with the fire; that he saw the pieces after the fire, found some metal melted up which was supposed to be the Jewels, and that he has every reason to believe that said Jewels were in the box when the house burned up.

With this unsatisfactory evidence, it seems to us that this case is not in such a condition as to enable us to decide upon the rights or liabilities of the parties, and that neither of them is entitled to any judgment at our hands. The plaintiff has adduced no proof of the authorization of the wife by the defendant, nor has he sufficiently established the other allegations contained in his petition, upon which he seeks to make the defendant liable, and to free himself from the obligation of restoring the pledge.

It is true, that according to the *art.* 3134 of the La. Code, the pledgee is only answerable for the loss or decay of the pledge which may happen through his fault; and that under the *art.* 1902, his principal obligation is to take all the care of the thing pledged that could be expected from a prudent administrator; this rule being subject however to further restrictions or modifications. But here the evidence does not satisfy us that the very Jewels in question were destroyed by the fire of the plaintiff's house during his absence, as by him alleged; they are not in any manner identified; and if they were the same, it is not shown that any degree of care and diligence has been used to save and preserve them. If, with regard to the pledgor, he cannot retake the objects pawned without paying the whole amount of the debt in principal and interest; on the part of the pledgee, the restoration of the pledge is a condition without which a recovery cannot be had; they must take place simultaneously; and in order to be discharged from this obligation, the pledgee must show not only that the thing

*The pledgee is bound to take care of the thing pledged as a prudent administrator, and is answerable for the loss or decay of the pledge occasioned by his fault or negligence.*

*The pledgee, in case of destruction of the pledge by inevitable accident, must prove the identity of the pledge, and that he used every diligence and care to preserve and save it, to entitle him to recover back the sum advanced on it.*

pledged is lost or destroyed, but also that he unsuccessfully used all necessary care and diligence to preserve it.

This makes it unnecessary to inquire into the legal effect of the offer made by the defendant *to pay the amount of the loan,* as even supposing that his (said defendant's) allegations could be considered as a sufficient ratification of the act of his wife, the plaintiff, from the insufficiency of his evidence, would not be entitled to a judgment.

As to the reconventional demand set up by the defendant, there is no proof whatever of the value of the Jewels; and were we ready to say that the objects pawned belong to him, and that he has a right of recovering them or their value, we should be without any criterion upon which our judgment could be based.

With this view of the case, we think that the judgment appealed from, so far as it allows nothing to either of the parties, is correct, but that it ought to have been limited to a mere judgment of nonsuit.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs, and that the same be so modified as to have only the effect of a nonsuit.